963 F.2d 374
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lewis E. WILLIAMS, Plaintiff-Appellant,
v.
Lucinda BOYD; James Luckey, Defendants-Appellees.
 No. 92-1075.
 United States Court of Appeals, Sixth Circuit.
 May 18, 1992.
 
 Before RALPH B. GUY, Jr., BOGGS and SILER, Circuit Judges.
 
 ORDER
 
 1
 Lewis E. Williams, a pro se Michigan prisoner, appeals a district court order granting defendants' motion for costs. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Williams filed a civil rights complaint under 42 U.S.C. § 1983 against defendants-appellees alleging they denied him access to the prison's law library. The district court granted appellees' motion for summary judgment and this court affirmed.
 
 
 3
 Prior to this court's order affirming the summary judgment, appellees filed a motion to tax costs with the district court for the sum of $75.25. After this court's decision, the motion was referred to a magistrate judge who granted appellees' motion. Williams objected to the magistrate judge's order. After giving Williams an opportunity to establish his indigency, the district court overruled Williams's objections. Williams filed a motion to reconsider under Fed.R.Civ.P. 59 which was subsequently denied. Williams filed this timely appeal arguing that: 1) the district court did not determine whether he could pay the requested costs; 2) appellees are not entitled to costs because they falsified an affidavit; and 3) taxing costs on prisoners would have a "chilling" effect on future prisoner civil rights suits. Williams requests leave to proceed in forma pauperis, oral argument, and the appointment of counsel.
 
 
 4
 We review an order granting costs under the abuse of discretion standard. See Weaver v. Toombs, 948 F.2d 1004, 1009-11 (6th Cir.1991).
 
 
 5
 Upon review, we conclude the district court did not abuse its discretion in awarding appellees costs of $75.25. Williams's arguments are meritless. Accordingly, we grant pauper status for the purpose of reviewing this appeal, deny the remaining requests for relief, and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.